IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT J. JONES, # N-17622, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 14-cv-01013-MJR |
| | ) |
| ZACK ROECKEMAN, | ) |
| S. A. GODINEZ, | ) |
| L. GUERRETTAZ, | ) |
| and CONNIE HALLIDAY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Robert Jones brings this civil rights action pursuant to 42 U.S.C. § 1983. He is currently confined at Big Muddy River Correctional Center ("Big Muddy CC"). In the complaint, Plaintiff claims that he should have been released from Big Muddy CC on parole on July 18, 2014. However, no halfway house placement site was available for an inmate with Plaintiff's criminal history and physical needs. As of September 7, 2014, Plaintiff remained incarcerated at Big Muddy CC. He therefore filed this action seeking immediate release and compensation of $200 per day for each day that he is held beyond his original release date. For the reasons set forth below, Plaintiff's complaint shall be **DISMISSED.**

## Merits Review Pursuant to 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state

a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  After carefully considering the allegations in the complaint, the Court finds that Plaintiff's claims are subject to dismissal under § 1915A.

## The Complaint

Plaintiff was scheduled for release on parole from Big Muddy CC on July 18, 2014 (Doc. 1, p. 5).  When that date arrived, no halfway house placement site was available.  As a result, Plaintiff's release was delayed.

The Illinois Department of Corrections ("IDOC") indicated that a site was not available because of Plaintiff's criminal history,[1] disability,[2] and home monitoring requirements. The IDOC also refused to pay for ninety days of rent on Plaintiff's behalf. Plaintiff filed numerous grievances to address this issue, but his grievances were ignored, denied, or lost (Doc. 1, pp. 4-5).

On September 18, 2014, Plaintiff filed this action against four defendants, i.e., Zack Roeckeman (Big Muddy CC warden), S.A. Godinez (IDOC warden), L. Guerrettaz (IDOC field services officer), and Connie Halliday (IDOC field services officer). In his complaint, Plaintiff claims that he has been unlawfully detained beyond his court-ordered release date. He seeks immediate release and monetary compensation of $200 per day for each day that he remains confined beyond July 18, 2014 (Doc. 1, p. 6).

## Discussion

Plaintiff brought this action, seeking immediate release from prison on parole (**Count 1**). Under the circumstances, the Court must determine whether Plaintiff has invoked the correct statute by filing this action under Section 1983. A petition for a writ of habeas corpus is the proper route "[i]f [a] prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, a prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500

---

[1] The complaint provides no information regarding Plaintiff's criminal history.
[2] The complaint alleges that Plaintiff requires the use of a wheelchair, but offers no other information regarding the disability necessitating its use.

(7th Cir. 1999). Plaintiff's complaint, which seeks speedier release, challenges the duration of his confinement.

The Supreme Court "has held that a prisoner in state custody cannot use a [Section] 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 76 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (citations omitted)). "He must seek federal habeas relief (or appropriate state relief) instead." *Wilkinson*, 544 U.S. at 76. Under the circumstances, Plaintiff cannot proceed with **Count 1** under Section 1983, and his complaint shall be dismissed on this basis. However, this dismissal shall be without prejudice to Plaintiff filing a petition seeking federal habeas relief or appropriate state relief, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See Glaus v. Anderson*, 408 F.3d 382 (7th Cir. 2005); *Pischke*, 178 F.3d 497 (7th Cir. 1999).

In addition, the complaint states no separate claim against Defendants for ignoring, denying, or losing Plaintiff's grievances (**Count 2**). "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Therefore, **Count 2** shall be dismissed with prejudice.

### Pending Motions

All pending motions, including Plaintiff's motion for recruitment of counsel (Doc. 3) and motion for service of process at government expense are hereby **DENIED**.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** from this action for failure to state a claim upon which relief may be granted; this dismissal is **without prejudice** to Plaintiff seeking federal habeas relief or appropriate state relief.  **COUNT 2** is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **ROECKEMAN, GODINEZ, GUERRETTAZ,** and **HALLIDAY** are **DISMISSED** from this action with prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr*. 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[3] remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467.  Moreover, if the

---

[3] Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") is currently pending.  If it is denied, he will be subject to an additional administrative fee of $50.00, for total filing and docketing fee of $400.00.

appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).  The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  October 20, 2014

<u>s/ MICHAEL J. REAGAN</u>
**Chief District Judge**